UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMANITA GONZALES,

        Plaintiff,                      CIVIL ACTION NO. 12-10724

        v.                              DISTRICT JUDGE ROBERT H. CLELAND

SOCIAL SECURITY                 MAGISTRATE JUDGE MARK A. RANDON
ADMINISTRATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S
MOTION TO DISMISS**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On September 11, 2009, Plaintiff Carmanita Gonzales filed a Complaint against the Federal Bureau of Investigations and the Social Security Administration ("SSA") alleging that Defendants violated her rights under the Freedom of Information Act ("FOIA"). Specifically, Plaintiff alleged Defendants withheld a surveillance tape of an incident that occurred on December 14, 2007. Plaintiff requested $7 million in damages. *See* Case Number 09-13590, Dkt. #1. On October 16, 2009, Judge Robert H. Cleland dismissed Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2).

On February 17, 2012, Plaintiff filed a Complaint against the SSA for the same reason alleged in her September 2009 Complaint. Plaintiff again seeks monetary damages. This time in the form of exemplary and punitive damages. (Dkt. #1).

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #13).

Defendant asks the Court to dismiss Plaintiff's Complaint for two reasons: (1) it is barred by *res judicata*; and (2) it fails to state a claim under FOIA.

For the following reasons, this Magistrate Judge **RECOMMENDS** that Defendant's motion be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

## II.   STANDARD OF REVIEW

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint-not to decide the merits of the case.  It is well established that a complaint need not set forth in detail all of the particularities of the plaintiff's claim.  Instead, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 does not, however, "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* at 679.  The Supreme Court has indicated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action" is insufficient).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. The plausibility requirement is not the same as a "probability requirement" but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Examining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A district court considering a motion to dismiss must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *see also Iqbal*, 556 U.S. at 679 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. *Iqbal*, 556 U.S. at 679.

Moreover, a *pro se* pleading must be liberally construed and be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* status does not exempt the plaintiff from the requirement that she comply with relevant rules of procedural and substantive law. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief ..." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard is liberal, it does require more than the bare assertions of legal conclusion. *See Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726

(6th Cir. 1996).

### III. RECOMMENDATION

This Magistrate Judge finds that Plaintiff failed to state a claim against Defendant. The Sixth Circuit has explicitly held that "[a]n award of damages is not authorized for an alleged violation of his Freedom of Information Act under 5 U.S.C. § 552." *Cooper v. Meese*, 1989 WL 25765, at *1 (6th Cir. Feb. 27, 1989).

Furthermore, Plaintiff's case is squarely barred by the doctrine of *res judicata*. This case is based upon the same facts and claims as the prior case of *Gonzales v. Federal Bureau of Investigation, et al.*, No. 09-13590 (E.D. Mich.), which the Court summarily dismissed pursuant to §1915(e)(2) on October 16, 2009. *See Burton v. Cleveland Ohio Empowerment Zone*, 102 F.Appx. 461, 463 (6th Cir. 2004) (dismissal of claim under §1915(e) "constitutes an adjudication on the merits for purposes of res judicata").

Therefore, it is **RECOMMENDED** that Defendant's motion be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*

*231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise  response  proportionate to the objections in length and complexity.  *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

                    s/Mark A. Randon
                    Mark A. Randon
                    United States Magistrate Judge

Dated: June 18, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 18, 2012, by electronic and/or ordinary mail.*

                    *s/Melody Miles*
                    *Case Manager*